UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| CRAIG YATES, | No. C 11-01273 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56** |
| v. | |
| MIWAY LLC, *et al.*, | **[ECF No. 21]** |
| Defendants. | |

On March 16, 2011, Plaintiff Craig Yates filed a complaint alleging that Defendants Miway, LLC; You See Sushi; and Ikuko Miura failed to provide Americans with Disabilities Act compliant facilities at the restaurant You See Sushi. *See generally*, Complaint, ECF No. 1.[1] Mr. Yates filed a motion to lift the stay in this case imposed by General Order 56 and to proceed with a Rule 26(f) scheduling conference on July 1, 2011. Motion, ECF No. 21.

Mr. Yates's motion for relief from General Order 56 is denied. General Order 56 automatically stays suits for ADA violations and institutes an alternative process for resolving ADA cases efficiently. This process begins with limited early discovery and joint site inspections followed by settlement discussions and, if necessary, mediation. *See generally* General Order 56. The aim of General Order 56 "is to require the parties to engage in a structured process designed to achieve

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

early compliance with the ADA while minimizing the adversarial litigation process and concomitant fees." *See White v. Ming R. Shen*, No. C 09-0989 BZ, 2011 WL 31187, at *1 (N.D. Cal. Jan. 5, 2011). Here, maintaining General Order 56's requirements serves that goal. A September mediation is within the time frame contemplated by General Order 56 and Mr. Yates has failed to demonstrate why the court should relieve the parties from its requirements. Indeed, lifting the stay and proceeding with discovery at this juncture could potentially lead to unnecessary fees and costs and hinder the ultimate resolution of this case. Accordingly, the court **DENIES** Mr. Yates's motion for relief from General Order 56. If the amount of attorney's fees is the sole impediment to settlement and the parties are unable to agree on an appropriate figure at mediation, the court encourages Mr. Yates to file a motion for attorney's fees following a settlement of the substantive aspects of this case.

This disposes of ECF No. 21.

**IT IS SO ORDERED.**

Dated: July 28, 2011

_____
LAUREL BEELER
United States Magistrate Judge