1

𝕿𝖍𝖎𝖒𝖊𝖘𝖈𝖍 𝕷𝖆𝖜 𝕺𝖋𝖋𝖎𝖈𝖊𝖘
TIMOTHY S. THIMESCH, ESQ., No. 148213

2
  tim@thimeschlaw.com
158 Hilltop Crescent

3
Walnut Creek, CA 94597-3452
Tel: 925/588-0401

4
Fax: 888/210-8868

5
Attorneys for Plaintiff CRAIG YATES

6
LAW OFF. OF FRANKIE F. YEUNG
FRANKIE F. YEUNG, ESQ., No. 265014

    THE BIERNAT LAW GROUP
    JAMES D. BIERNAT, ESQ., No. 75839

7
  frankie.yeung.esq@gmail.com
1121 Vicente Street

     jbiernat@jdblawyers.com
    LISA L. PAN, ESQ., No. 188442

8
San Francisco, CA 94116
Tel: (415) 632-6382

     lpan@jdblawyers.com
    345 Shoreway Road, Suite 101

9
Fax: (415) 753-0310

    San Carlos, California 94070-2708
    Tel: (650) 802-0410

10
Attorney for Defendants YOU SEE
SUSHI; and IKUKO MIURA dba YOU

    Fax: (650) 802-8997

11
SEE SUSHI

    Attorneys for Defendant MIWAY, LLC

12

13
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

14

15
CRAIG YATES,

    CASE NO. CV11-1273 LB
    Civil Rights

16
        Plaintiff,

17
v.

18
MIWAY, LLC; YOU SEE SUSHI;
IKUKO MIURA; and DOES 1 through 50,

**CONSENT DECREE ORDER AND
JUDGMENT**

19
Inclusive,

20
        Defendants.

21
        /

22

23
**INTRODUCTION AND ALLEGATIONS OF PARTIES**

24
    **1.**    Plaintiff CRAIG YATES alleges he is a person with a disability whose condition

25
requires the full time use of a wheelchair for mobility.  Plaintiff further alleges that he qualifies

26
as a "person with a physical disability" as defined by the relevant statutes.

27
    **2.**    Plaintiff CRAIG YATES further alleges he has standing to bring this action, that

28
he lives in Terra Linda, that he however regularly conducts personal affairs in San Francisco

1    including the general area where the subject restaurant is located, which activity includes

2    dining and shopping, and that he has been a repeat customer of this restaurant.  While the

3    Defendants do not admit all of the foregoing allegations, they agree that sufficient undisputed

4    facts exists, including Plaintiff's admitted multiple past uses of the restaurant as a paying

5    customer, and his ties to the area, to support Plaintiff's qualification as "aggrieved and

6    potentially aggrieved" under the relevant statutes, and his individual standing under Article III

7    of the U.S. Constitution.  In the event of an evidentiary inquiry into Plaintiff's standing,

8    Defendants will stipulate to Plaintiff's admitted multiple past uses of the restaurant as a paying

9    customer, and will otherwise not seek to oppose or cross-exam Plaintiff's evidentiary

10   submissions.

11        **3.**      Defendants YOU SEE SUSHI; and IKUKO MIURA ( "Tenants") are the owners,

12   operators, and lessees of the public accommodation You See Sushi, located at or near 94 Judah

13   Street, San Francisco, California ( "Subject Restaurant").  They lease the property from

14   Defendants MIWAY, LLC, ("Landlord").  Together, the subject Tenants and Landlord shall be

15   referred to as Defendants; and together Plaintiff and the Defendants shall be referred to

16   collectively herein as "the Parties."

17        **4.**      Plaintiff alleges that the Subject Restaurant qualifies as a "public

18   accommodation" and "commercial facility" under all applicable statutes and regulations.

19        **5.**      Plaintiff filed this action for himself and all other similarly situated members of

20   the public to vindicate their rights under the Americans with Disabilities Act of 1990 ("ADA"),

21   42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1, titled _Craig Yates v. Miway_

22   _LLC, You See Sushi, Ikuko Miura and Does 1-50, Inclusive,_ U.S. District Court, Northern

23   District of California, CV 11-1273 LB ("the Lawsuit").

24        **6.**      Plaintiff alleges that Defendants violated these statutes by failing to provide full

25   and equal access and related facilities, including an accessible route from the public sidewalk to

26   all elements of the building, and to the main entrance, dining facilities, the counter, dining

27   tables and public restrooms.  Specific identification of the facilities and their deficiencies were

28   identified in the Complaint filed on March 16, 2011.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC          — 2 —

7.      Plaintiff alleges that the subject building and site has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and that further Defendants could easily afford to makes its facilities and services accessible without significant difficulty or expense.  Defendants deny Plaintiff's allegations and, by entering into this Consent Decree and Judgment ("Consent Decree"), in no way admit to any liability whatsoever. Without limitation, Defendants do not waive defenses such as, but not limited to, unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility, and the 20% cost-cap.  Defendants also expressly deny that the subject building and site have undergone construction triggering the requirement of full compliance with regulations in the altered areas.

8.      Notwithstanding the disputed issues, the Parties enter into this Consent Decree to amicably resolve all issues, claims and defenses in the Lawsuit without the need for further protracted litigation and to resolve all allegations raised in the Complaint on file herein. The Parties agree that resolution of these matters without further litigation is in the public interest and that this Consent Decree is the most appropriate means of resolving these matters. Accordingly, the Parties agree to this Consent Decree with respect to the matters covered herein without trial or further adjudication of any issues of fact or law, except reserving to the court jurisdiction to fix the amount of reasonable attorneys' fees, costs and litigation expenses .

WHEREFORE, the Parties hereby agree as follows:


**SCOPE OF SETTLEMENT**

9.      The following are the facilities at the Subject Restaurant affected by this Consent Decree: the accessible route from and along the public sidewalk and boundary of the site to the main entrance of the restaurant, the main entrance, the dining table facilities, the counter, and the public restrooms.


**CONSENT DECREE**

10.      In entering this Consent Decree, Plaintiff agrees that this Consent Decree fully

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC                — 3 —

1    vindicates Defendants' alleged violation of Plaintiffs' rights under the Americans with

2    Disabilities Act and Civil Code Section 54 and 54.1 and any and all disabled-access codes,

3    guidelines, laws and regulations..

4    **11.** Except as to reasonable attorneys' fees, litigation expenses and costs, which

5    shall be fixed by the court, this Consent Decree shall be a full, complete, and final disposition

6    and settlement of the below claims that have been or could have been alleged in the Complaint,

7    including but not limited to, claims for injunctive relief, declaratory relief, damages of any kind

8    (including, but not limited to, statutory and compensatory damages including personal and

9    bodily injury, consequential and punitive damages), administrative proceedings, and Plaintiff's

10   claims for attorney fees, litigation expenses and costs. This Consent Decree was reached

11   through negotiations between the Parties.

12

13   **JURISDICTION**

14   **12.** The Parties agree that the Court has and shall retain jurisdiction to enforce the

15   provisions of this Consent Decree for one year after the Defendants' issuance of the Notice of

16   Completion identified in this Consent Decree.

17   **13.** In accordance with the provisions of Title 28, U.S.C. Section 636(c), each

18   undersigned Party in the above-captioned civil matter hereby voluntarily consents to have a

19   United States Magistrate, as may be assigned by the court and consented to by the parties, to

20   conduct any and all further proceedings in the case related to enforcement of this Consent

21   Decree. Appeal from such enforcement orders shall be taken directly to the United States

22   Court of Appeals for the Ninth Circuit.

23   **14.** The Parties agree that if they or any of them seek Court enforcement of this

24   Consent Decree, any such enforcement will be by noticed motion, limited to an order for

25   specific performance of this Consent Decree, and that a contempt citation or decree will not be

26   sought by any Party.

27   ////

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC                    — 4 —

1

**AGREEMENTS CONCERNING INJUNCTIVE RELIEF**

2

    **15.**    **Specific Agreed Remediations.**  As a part of a compromise of global liability,

3

the Defendants each agree that they shall be jointly and severally responsible to perform the

4

following work to provide disabled access at the Subject Restaurant ("Specific Agreed

5

Remediations"):

6

        a.  Upon full remediation of the premises as outlined herein, display the

7

international symbol of accessibility at both entrances;

8

        b.  Adjust the closers for both entrance doors so that the amount of push

9

pressure required to operate is no greater than 5 lbs;

10

        c.  Ensure that the push side of both entrance doors have a push plate or other

11

uninterrupted surface along the bottom surface of the door that is a minimum of 10 inches high

12

above the finished floor;

13

        d.  Subject to reasonable construction tolerances, create fully-compliant level

14

door landings on each side of both entrances to the restaurant.  On both the push and pull sides

15

of these doors the landings shall be kept clear and shall be configured level within 2 %.  On the

16

push side of both doors, the landings shall extend a minimum of 48 inches beyond the face of

17

the closed door (measured perpendicular to the face of the closed door) and shall also extend a

18

minimum of 12 inches beyond the strike edge of the door.  On the pull side, the landings shall

19

extend a minimum of 60 inches beyond the face of the closed door (measured perpendicular to

20

the face of the closed door) and shall extend a minimum of 24 inches beyond the strike edge of

21

the door;

22

        e.  Create an accessible circulation route throughout the restaurant that is

23

maintained at a 36 inches minimum between tables, counters and other chairs and objects while

24

placed in their usual occupied position (e.g., seats by seated customers);

25

        f.   Install a flip-up counter or use a clip board for customers to use to

26

review/sign documents;

27

        g.  Provide one (1) accessible dining table located on accessible route and with

28

clear floor space that is located outside the general path of travel.  Such table shall provide knee

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

**Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC**
— 5 —

1   space underneath that is a minimum of 30 inches wide, 27 inches high, and projects back

2   underneath the table a minimum of 19 inches.  No pedestal support or pedestal base shall be

3   located anywhere within the rectangular dimension of the foregoing clear space;

4        h.   Reconfigure and enlarge the layout of the restroom to incorporate portions of

5   adjacent areas outside the restroom to create a fully compliant single-occupancy restroom.  The

6   enlarged restroom shall provide compliant turning space and transfer spaces in front of and

7   beside the toilet.   The restroom shall fully comply as to all requirements for a newly-

8   constructed accessible restroom, and provide compliant clear floor spaces, a path of travel to

9   fixtures and amenities, place all amenities within a compliant reach range, have an accessible

10   sink, provide compliant grab bars, proper signage, etc.  (See Example of Title 24 Compliant

11   Design for Single Occupancy Restroom at **Exhibit A)**   The Parties stipulate that the

12   reconstruction of the existing restroom in conformance with Oris Design Floorplan **Exhibit B**

13   will constitute full compliance with the requirements of this paragraph.)

14        **16.   Performance Standards.** Defendants shall perform the tasks and injunctive

15   relief work set forth in **Exhibit B hereto**, which is incorporated by reference herein as if set

16   forth in full, in accordance with the standards and specifications of the Americans with

17   Disabilities Act Accessibility Guidelines, effective January 26, 1992, and under California's

18   Title 24, (2008), whichever, for any particular element, provides the strongest level of

19   protection to persons with disabilities.    The Parties agree that as work commences, changes

20   may be made to the work set forth in **Exhibit B**, so long as they meet or exceed the

21   requirements of the forgoing paragraph and the standards and specifications identified in this

22   paragraphs.

23        **17.**   The Defendants may, but are not required to, perform the work in compliance

24   with the 2010 ADA Standards for Accessible Design, which standards do not go into effect

25   until March 15, 2012.

26        **18.**   Option to Close Facilities. In lieu of making modification to any particular

27   facility or amenity called for by this decree, the Defendant may choose to permanently

28   close/remove such facility, element or amenity from public use.  Such facility, element or

Thimesh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1   amenity shall not be reopened or re-provided for public use without provision of full disabled

2   access pursuant to the terms of any applicable codes, regulations or guidelines for disabled

3   access applicable to the type of public use (if any) to which the property is put.

4   **19.**   As to all other work, Defendant shall submit plans and apply for any necessary

5   permits for this work within 60 days of the entry of this Consent Decree, and complete all such

6   work within 180 days of receiving permits, allowing for good faith interruptions due to

7   inclement weather, contractor unavailability, and other causes under the Doctrine of Force

8   Majeure.    Permits from the building department shall be secured for all work requiring

9   permits.  Defendants will provide written notice  ("Notice of Completion") by mail or facsimile

10  regarding the completion within thirty (30) days after completion of the work.   Notice of

11  Completion shall be sent to Plaintiff c/o Plaintiff's counsel as follows:

12          TIMOTHY S. THIMESCH, ESQ., No. 148213
            158 Hilltop Crescent
13          Walnut Creek, CA 94597-3452
            Fax: 888/210-8868
14          Attorneys for Plaintiff CRAIG YATES

15  **20.**   After providing Notice of Completion, Defendants shall then provide, upon

16  request ("Request for Inspection").  Plaintiff, his attorneys and consultants with physical access

17  to inspect, measure and photograph the facilities to verify that the completed work complies

18  with the terms herein.  Any Request for Inspection shall be sent, via facsimile to counsel at the

19  fax numbers set forth in the following paragraph, fifteen (15) days of Plaintiff's  receipt of the

20  Notice of Completion, or said Request for Inspection is waived.   If Plaintiff makes a Request

21  for Inspection, the parties shall cooperate to schedule the inspection on a reasonable date and

22  time, and the inspection shall be conducted so as not to interfere with Defendants' business.  If

23  following inspection, Plaintiff determines that Defendants are in violation of the Specific

24  Agreed Remediations of this Consent Decree, Plaintiff shall, within thirty (30) days of the

25  inspection, serve a Notice of Non-Compliance Following Inspection upon Defendants setting

26  forth with particularity the deficiencies, in accordance with the procedures set forth in the

27  following Section.

28  ////

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC                    — 7 —

**NOTICE AND OPPORTUNITY TO CURE**

21.    Notice and Opportunity to Cure.  Subject to the time limitations for a Request for Inspection and Notice for Compliance Following Inspection as set forth in the preceding paragraph, if at any time during which the court has jurisdiction to enforce this Consent Decree, Plaintiff contends that Defendants have failed to comply with any aspect of this Consent Decree, Plaintiff or his counsel shall promptly notify Defendants in writing, by first-class U.S mail and facsimile, of perceived non-compliance, and give Defendants a sufficient opportunity to cure any alleged deficiencies ("Notice of Non-Compliance"). Such Notice of Non-Compliance from Plaintiff shall specify with particularity the perceived non-compliance and be verified by Plaintiff.

22.    All Notices to Defendants shall be sent to both Defendants as follows:

LAW OFF. OF FRANKIE F. YEUNG          THE BIERNAT LAW GROUP
FRANKIE F. YEUNG, ESQ.,               JAMES D. BIERNAT, ESQ., No. 75839
No. 265014                            LISA L. PAN, ESQ., No. 188442
1121 Vicente Street                     lpan@jdblawyers.com
San Francisco, CA 94116               345 Shoreway Road, Suite 101
Fax: (415) 753-0310                   San Carlos, California 94070-2708
Attorney for Defendants YOU SEE       Fax: (650) 802-8997
SUSHI; and IKUKO MIURA dba            Attorneys for Defendant MIWAY, LLC
YOU SEE SUSHI

23.    Defendants shall be allowed sixty (60) days from the date of receipt of Plaintiff's Notice of Non-Compliance  to meet and confer with Plaintiff and/or his representatives to address any alleged deficiencies, non-compliance with disabled access laws or discrimination (the "Initial Conference")  Defendants will then have thirty (30) days from the date of the Initial Conference to dispute or sixty (60) days thereafter to commence correcting the deficiencies or otherwise address Plaintiff's concerns; provided, however, if Defendants cannot reasonably correct the deficiencies or non-compliance within such time period, Defendants shall have such reasonably longer period of time as is necessary to correct such deficiencies or non-compliance (the "Cure Period").

24.    Notice of Non-Compliance to Defendants as provided above, the Initial Conference and the Cure Period described above shall be prerequisites to Plaintiff taking any judicial action for specific performance under this Consent Decree.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC          — 8 —

25.     Covenant Not to Sue  Subject to Plaintiff's right to seek specific performance as provided above, Plaintiff, and those acting on behalf of Plaintiff (including heirs, beneficiaries, defendants, executors, administrators, successors and assigns) agrees not to file, or cooperate with others in the filing of, lawsuits or administrative complaints for any claims regarding disabled access or discrimination of any kind against Defendants and the Releasees, concerning the Subject Restaurant, or any part thereof, that is the subject of the Lawsuit, in any state or federal court or before any administrative body without first providing Defendants the Notice of Non-Compliance, completion of the Initial Conference, and an opportunity to cure in accordance with the Notice and Opportunity to Cure provisions of this Consent Decree.

## AGREEMENT CONCERNING DECLARATORY RELIEF

26.     In resolution of Plaintiff's claim for declaratory relief, Defendants hereby stipulate, that by this Consent Decree, the barriers identified herein for correction, at paragraph 15, supra, constitute past and present violations of each Plaintiff's rights under the Title III of the Americans with Disabilities Act of 1990, and Civil Code Section 54 and 54.1. Defendants agree that Plaintiff's claim for statutory damages is inextricably intertwined with his claims for injunctive relief.  Defendants have agreed to conduct the barrier removals herein as a result of the settlement of this action.

## RESOLUTION OF STATUTORY DAMAGE CLAIMS

27.     Although Defendants dispute that Plaintiff is entitled to recover damages in this action, in compromise of Plaintiff's claim, Defendants agree to pay Plaintiff the amount of $12,000 in full satisfaction of all of Plaintiff's claims for damages of any kind under Title III of the ADA, and Civil Code Sections 52 and 54.3 or any other disabled-access law.  One or more checks totaling this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into Plaintiff counsel's hands within 10 days of Parties' execution of this Consent Decree.  Defendants shall not be obligated to issue checks under this paragraph unless and until Plaintiff first provides to defendants his counsel's W-9.  Plaintiff agrees to indemnify the

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1  Defendants, and each of them, against any and all tax liability arising out of the settlement.

2

3  **RESOLUTION OF CLAIM FOR ATTORNEYS FEES, LITIGATION EXPENSES AND**

4  **COSTS:**

5       28.    The issue of Plaintiff's attorneys' fees, costs and litigation expenses shall be

6  resolved by Plaintiff filing a motion for reasonable attorneys' fees, costs and litigation expenses

7  with the court.

8       29.    Plaintiff shall be deemed the "prevailing party" to whom the court may award a

9  reasonable attorneys' fee within the meaning of 42 U.S.C. §12205.  Specifically the Parties

10 stipulate that Plaintiff has achieved a material alteration of the legal relationship of the parties,

11 and that, by permitting the court to retain jurisdiction to enforce this Consent Decree, that

12 alteration has been judicially sanctioned.  *see*, *Jankey v. Poop Deck*, 537 F.3d 1122 (9th Cir.

13 2008).

14      30.    Further, notwithstanding any statement in this Consent Decree regarding

15 Defendants' dispute of the allegations and/or non-admission and denial of liability, the Parties

16 stipulate that Plaintiff has been denied rights under Cal. Civil Code §51(f) and is therefore

17 entitled to an award of reasonable attorneys' fees under Cal Civil Code §52.  *Doran v. N. State*

18 *Grocery, Inc.*, 137 Cal. App. 4th 484, 486, 39 Cal. Rptr. 3d 922, 923 (Cal. Ct. App. 2006)

19      31.    Defendants hereby stipulate in this action to the reasonableness of Plaintiff

20 counsel's hourly rates of $465 per hour for attorney Timothy S. Thimesch, $450 per hour for

21 attorney Gene A. Farber, and $365 per hour for attorney Suzanna Farber, and that Defendants

22 will make no attempt to oppose such rates, and that these stipulated-rates shall be used by the

23 Court in calculating the lodestar in the fee motion.

24      32.    The Parties have already exchanged redacted attorneys' and cost invoices and

25 other supporting documentation.  Following execution of this Consent Decree, Plaintiff shall, at

26 his option, disclose invoice entries setting forth the actual legal services rendered, or

27 alternatively, Plaintiff may submit the timesheets en camera for Court review. Plaintiff may,

28 but it not required to, redact specific details to protect attorney-client and work-product

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC          — 10 —

privileged communications.  Further, following execution of this Consent Decree, and upon request of the opposing Party, the Parties will, at their option   (without formal discovery) documentation of their attorney's and paralegal's fees, litigation expenses and costs, as well as hourly rates, incurred in this action up to the time of the hearing.

33.     During the proceedings herein stated, the parties shall make no motion seeking dismissal of any supplemental claims under 28 USC 1367, and further stipulate that on no occasion following the execution of this Consent Decree shall they allege that grounds supporting such a motion exist in the present case.

34.     Plaintiff's motion for reasonable attorneys' fees, litigation expenses and costs incurred to obtain the relief agreed upon herein shall be filed within 21 days of the execution of this Consent Decree. In the event Plaintiff later seeks attorneys fees/costs to enforce this Consent Decree, any such motion shall be filed in accordance with FRCP 54(d)(2)(B)(i) and LR 54-1 through 54-5, or as the parties may stipulate at the time of the enforcement motion.

35.     **Joint and Several Liability.**  Defendants agree they are jointly and severally liable for any amounts awarded by the court on Plaintiff's outstanding and unresolved claim for statutory attorney's fees, litigation expenses and costs.  The parties hereby reserve this claim for resolution by the court.

36.     **Full Rights of Review Retained.**  The decision by the District Court shall be subject to appeal by all parties.

## RELEASE AND WAIVER OF CIVIL CODE SECTION 1542

37.     Except for all obligations required in this Consent Decree, Plaintiff, on behalf of himself, and his predecessors, successors, heirs, partners and assigns, releases and forever discharges each Defendant and his/her or its partners, managers, members, employees, agents, attorneys, heirs, predecessors, and representatives (collectively "Releasees"), from all claims, demands, damages, actions,  and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

38.     Plaintiff understands and agrees that there is a risk and possibility that,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC          — 11 —

1  subsequent to the execution of this Consent Decree, he will incur, suffer, or experience some

2  further loss or damage with respect to the Lawsuit that is unknown or unanticipated at the time

3  this Consent Decree is entered.

4      **39.**    Except for all obligations required in this Consent Decree, the Parties intend that

5  this Consent Decree apply to all past, present or future loss with respect to the Lawsuit, except

6  those caused by the Parties subsequent to the execution of this Consent Decree. Therefore,

7  except for all obligations required in this Consent Decree, this Consent Decree shall apply to

8  and cover any and all claims, demands, actions and causes of action by Plaintiff with respect to

9  the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and

10  the provisions of Section 1542 of the California Civil Code are hereby expressly waived.

11  Section 1542 provides as follows:

12      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

13      CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR

14      AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR

15      HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT

16      WITH THE DEBTOR.

17

18  **NONDISPARAGEMENT**

19      **40.**    The Parties shall not make any disparaging comments and/or statements about

20  the other.

21

22  **COOPERATION**

23      **41.**    Each Party, without further consideration, and upon request of the other Party,

24  agrees to execute and deliver such other documents and to take such other action as may be

25  necessary or appropriate to give full force and effect to the terms and intent of this Consent

26  Decree.  The duty to cooperate includes, but is not limited to, preparing, executing and filing

27  any and all documents necessary to effect the dismissal of the Lawsuit with prejudice as

28  contemplated hereby.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC     — 12 —

1    **CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

2         42.      The Parties agree and represent that they have entered into this Consent Decree

3    voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to

4    all matters related to this Consent Decree, after having received full advice from counsel.

5         43.      This Consent Decree shall be binding on Plaintiff and Defendants and any

6    successors in interest.  Consent Decree.  The Parties have a duty to so notify all such successors

7    in interest of the existence and terms of this Consent Decree during the period of the Court's

8    retains jurisdiction to enforce this Consent Decree.

9

10   **JOINT PREPARATION AND SEVERABILITY:**

11        44.      This Consent Decree is deemed jointly prepared by all Parties and shall not be

12   strictly construed against any Party as its drafter.   If any term of this Consent Decree is

13   determined by any court to be unenforceable, the other terms of this Consent Decree shall

14   nonetheless remain in full force and effect.

15

16   **SIGNATORIES BIND PARTIES:**

17        45.      Signatories on the behalf of the Parties represent that they are authorized to bind

18   the Parties to this Consent Decree.

19        46.      This Consent Decree may be executed in counterpart signatures, and such

20   signatures may be attached in faxed or .PDF counterparts, each of which shall be deemed an

21   original, and which together shall constitute one fully executed Consent Decree.  The Effective

22   Date of the Consent Decree shall be the date on which the last of any Party's signature is

23   affixed to the Consent Decree and delivered to counsel for the other Parties.

24        47.      This Consent Decree shall be deemed executed on the date on which the final

25   signature of the Parties is affixed hereto.

26   ////

27

28

1   **FULL CONSENT DECREE**

2       48.    This Consent Decree constitutes the entire agreement between the Parties on the

3   matters of Plaintiff's claims for injunctive relief, declaratory relief, damages, and attorney fees,

4   litigation expenses and costs, and no other statement, promise, or agreement, either written or

5   oral, made by any of the Parties or agents of any of the Parties, that is not contained herein,

6   shall be enforceable regarding the matters described herein.

7

8   Dated: _AUG. 11. 2011_

9                                         CRAIG YATES

10

11  Dated: _August 11, 2011_

12                                        MIWAY, LLC

13

14                                        By: Marilyn Habeeb, Manager

15  Dated: _____

16

17                                        YOU SEE SUSHI

18                                        By: _____

19                                        Title: _____

20

21  Dated: _____

22                                        IKUKO MIURA

23

24  ////

25

26

27

28

Full Consent Decree Order and Judgment: Case No. CV-10-4842 EMC           —14—

**FULL CONSENT DECREE**

48.    This Consent Decree constitutes the entire agreement between the Parties on the matters of Plaintiff's claims for injunctive relief, declaratory relief, damages, and attorney fees, litigation expenses and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained herein, shall be enforceable regarding the matters described herein.

Dated: _ACG. 11. 2011_

_____
CRAIG YATES

Dated: _August 11, 2011_

_Marilyn Habeeb, Manager_
MIWAY, LLC

By: Marilyn Habeeb, Manager

Dated: _____

_____
YOU SEE SUSHI

By: _____

Title: _Owner_

Dated: _Aug 13 2011_

_____
IKUKO MIURA

////

Simmrin Law Offices
150 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

1   **APPROVED AS TO FORM:**

2   Dated: Aug. 11, 2011                    THIMESCH LAW OFFICES

3

4                                           /s/ Authorized Signed
5                                           TIMOTHY S. THIMESCH, ESQ.
                                            Attorneys for Plaintiff
6                                           CRAIG YATES

7   Dated: Aug. __, 2011                    LAW OFF. OF FRANKIE F. YEUNG

8

9                                           /s/ Authorized Signed
10                                          FRANKIE F. YEUNG, ESQ.,
                                            Attorneys for Defendants
11                                          YOU SEE SUSHI; and IKUKO MIURA dba
                                            YOU SEE SUSHI
12

13  Dated: Aug. 12, 2011                    THE BIERNAT LAW GROUP

14

15                                          /s/ Authorized Signed  *Lisa L Pan*
                                            LISA L. PAN, ESQ.,
16                                          Attorneys for Defendant MIWAY, LLC

17

18

19                                          **ORDER**

20        **IT IS SO ORDERED.** _____

21  _____

22  _____

23  _____

24  _____.

25
    Date: ___August 26, 2011___              _____
26                                           HON. LAUREL BEELER
27                                           MAGISTRATE JUDGE
                                             U.S. DISTRICT COURT
28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK,
CA 94597-3452
(925) 588-0401

# EXHIBIT A



SINGLE-ACCOMMODATION
TOILET FACILITY



PLAINTIFF'S
EXHIBIT
A

EXHIBIT B



JUDAH STREET


PLAINTIFF'S
EXHIBIT
B



(N) LOCATION OF (E) REFRIGERATOR

24" DEEP, FLUSH-VALVE
WATER CLOSET

(E) ±3'-11"

W/H

5'-0"    5'-3"

(E) KITCHEN

7'-10"

RESTROOM
12"
MIN
4'-0" MIN
5'-0"

REF
3'-2"

(E) ±21'-1"

36" MIN

(E) STEPS

34"-38" HIGH HANDRAIL

RAISE THE STEP TO PROVIDE EQUAL
RAISERS & ADD CONTRAST STRIP

(E) ±15'-4"

HANG A CLIPBOARD
AT COUNTER

36" MIN

(E) ±25'-0"

PATH OF TRAVEL

REF

POWERED DOOR
OPERATOR

11'-11"

BENCH

BENCH

(E) DINNING

(E) DINNING

(E) ±15'-7"

60" MIN

(E) CASHIER

(E) ±15'-7"

24" MIN

(E) SLOPE UP

(E) GLAZING

3'-4"X5'-8" GLAZING

(E)8%+4.2%
MAX. SLOPE
3'-0" DR

(E)8%+4.2%
MAX. SLOPE

POWERED DOOR
OPERATOR

(E)8% SLOPE

(E)8% SLOPE

POWERED DOOR
OPERATOR

(E) 15'-0" SIDEWALK

4.2% MAX.
SLOPE

4.2% MAX.
SLOPE

ALTERATE THE ELEVATION OF THE
SIDEWALK UNDER THE APPROVAL OF
MINOR SIDEWALK ENCROACHMENT PERMIT

#20

JUDAH STREET

